Hat, Judge,
delivered the opinion of the court:
This is a suit brought by the plaintiff, the Ocean Steamship Company of Savannah, for the sum of $3,145,342.63, which it claims is the just compensation due it for the expropriation of two contracts by the United States. These contracts were entered into by the plaintiff with the Harlan & Hollingsworth Corporation for the construction of two ships. The first contract was entered into by the aforesaid parties on December 1,1915, and by its terms the Harlan & Hollings-worth Corporation was to construct and deliver to the plaintiff on or before February 1, 1918, one combined cargo and passenger ship of 4,500 dead-weight tonnage for the price and sum of $945,000. The plaintiff was to pay the shipbuilder the sum of $85,909 at the time the contract was signed, and the balance of the money to be paid as the construction of the ship progressed; the sum of $85,909 when the keel was laid, and so on, all of which is set out in full in Finding II and is found in the contract which appears as Exhibit A to plaintiff’s petition.
On December 31, 1915, the same parties entered into another contract whereby the Harlan & Hollingsworth Corporation agreed to build for the plaintiff one steel passenger and cargo steamship of 4,500 dead-weight tonnage for the price of $935,000; $10,000 whereof was to be paid at the time of signing the contract, and the balance in 10 installments of $92,500, payable as the work progressed; the ship was to be delivered to the plaintiff in New York harbor 31 months after the contract was signed, which would have made the date of delivery April 31, 1918. The contract is in *117 all other respects precisely similar in its terms to the other contract above referred to.
The plaintiff paid to the Harlan & Hollingsworth Corporation the sum of $85,909 on its first contract, and the sum of $10,000 on its second contract, and also expended the sum of $3,568.75 for incidental expenses in connection with said ships. The plaintiff did not make any payment on either contract after the payments above referred to for the reason that the shipbuilder made no progress in the construction of the said vessels, or none at least which required payment by the plaintiff, as under neither contract had the keels of the vessels been laid on August 3, 1917.
By virtue of the act of Congress of June 15, 1917, the President of the United States on July 11, 1917, empowered the United States Shipping Board Emergency Fleet Corporation to exercise the power vested in him by said act in so far as it was applicable to the requisitioning of vessels in process of construction or of contracts for the construction of such vessels and the completion thereof, and the requisitioning of materials for such construction. .And on August 3, 1917, the said United States Shipping Board Enlergency Fleet Corporation expropriated the contracts of the plaintiff which it had with the Harlan & Hollingsworth Corporation. At the time of said expropriation the Harlan & Hollingsworth Corporation had not laid the keels of either one of the vessels which it had contracted to build for the plaintiff. The said corporation had purchased some materials for the construction of said vessels, and had contracted for other materials. The shipbuilding corporation had set aside two of its slips for these vessels, had completed the designs, and the fabrication of some of the steel was under way. The ship corporation had expended for material purchased for these two hulls the sum of $116,239.10, and the amount of material contracted for by the shipbuilder and which it was obligated to take for said two hulls was $384,300; the value of the material to be ordered to complete the hulls was $265,700.
The plaintiff, on August 3, 1917, had not paid for any of these materials, and under the contract was not obliged to make any payment for materials until the keels of the *118 vessels were laid. The contract provided “ that as the payments provided for herein are made by the party of the second part, on account of material assembled or set up in the yard of the party of the first part, or used in construction of said vessel, the same, to the extent of the payments made, shall become the property of the party of the second part.” As no payments were made by the plaintiff before the expropriation of the contracts, the plaintiff, at the time of the expropriation, was not the owner of the materials, or any part of them, and after the contracts were expropriated had no interest in or cl'aim to said materials.
After these contracts were expropriated by the United States the Fleet Corporation gave the shipbuilder instructions to abandon the construction of hulls 450 and 451, the vessels which the shipbuilder contracted to build for the plaintiff, and these vessels were never built, either for the United States or for the plaintiff.
Had no expropriation been made of the contracts of the plaintiff it is impossible to determine from the evidence when the contracts would have been performed.
On August 3, 1917, when these contracts were expropriated by the United States there was no market value for contracts for the type of ships which the Harlan & Hol-lingsworth Corporation had contracted to build for the plaintiff.
The shipbuilder was not ready or able to perform its contracts when the expropriation of the contracts was made, and it could not have performed the contracts and have delivered the vessels at the time agreed upon in the contract.
Under these facts it becomes our duty to ascertain the value of the contracts, and. to determine the amount plaintiff lost by the taking, “ that is, the sum which will put it in as good a position pecuniarily as it would have been in if its property had not been taken.” Brooks-Scanlon Corporation v. United States, 265 U. S. 106, 126.
As there was no market value for these contracts we must arrive at their value from the pertinent facts which have been proven, and in doing so we will be governed by the rules laid down by the Supreme Court of the United *119 States in the Brooks-Scanlon Corporation case, supra, which read:
“ Determination of just compensation is to be-based on the fact that claimant’s contract "and its rights and interest thereunder were expropriated, and that it is entitled to have their value at the time of the taking. The value of such ships at the time of requisition, and the then probable value at the time fixed for delivery, the contract price,.the payments made and to be made, the time to elapse before completion and delivery, the possibility that by reason of the Government’s action in control of materials,, etc., the contractor might not be able to complete the ship at the date fixed for performance, the loss of use of money to- be sustained, the amount of other expenditures to be made between the time, of requisition and delivery, together with other pertinent facts, are to be taken into account and given proper weight to determine the amount claimant lost by the taking.”
We have carefully given consideration to all of the elements of value outlined in the above opinion, and having done so we are of opinion that just compensation to the plaintiff for the expropriation of its contracts is the sum of $291,373.57 and that that is the sum which will put the plaintiff in as good a position pecuniarily as it would have been if its contracts had not been taken.
Judgment will be entered accordingly. It is so ordered.
Moss, Judge; Graham, Judge; and Booth, Judge, concur.